UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SAUL TYSON BROWN,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

CASE NO. C16-0376-RSL-MAT

REPORT AND RECOMMENDATION RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff Saul Tyson Brown proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court recommends that this matter be AFFIRMED.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1966.[1] He has two years of college education and has worked as a temporary construction laborer, dishwasher, janitor, and electrical apprentice. (AR

---

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

277-78.)

Plaintiff protectively applied for DIB and SSI in August 2012, alleging disability beginning January 1, 2010.[2] (AR 239-47, 255-61.) His applications were denied at the initial level and on reconsideration, and he timely requested a hearing. (AR 172-75, 179-81, 184-86.) On August 7, 2013, ALJ Ruperta Alexis held a hearing, taking testimony from Plaintiff and a vocational expert (VE). (AR 69-118.) On June 27, 2014, the ALJ issued a decision finding Plaintiff not disabled. (AR 15-25.) The Appeals Council denied Plaintiff's request for review on January 7, 2016 (AR 1-4), making the ALJ's decision the final decision of the Commissioner. Plaintiff timely appealed.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (AR 18.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's affective disorder (variously diagnosed as depression, mood disorder or bipolar disorder); anxiety disorder (variously diagnosed as anxiety, panic, or post-traumatic stress disorder); personality disorder; alcohol dependence; and marijuana abuse. (*Id*.) Step three asks

---

[2] Plaintiff's prior applications were denied by an ALJ on December 23, 2010, and Plaintiff did not seek judicial review after the Appeals Council denied review. Due to the administrative finality of the prior ALJ decision, the period adjudicated by the ALJ on the current applications is December 24, 2010, forward. (AR 15.)

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 2

whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 18-20.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant demonstrated an inability to perform past relevant work. The ALJ found Plaintiff able to perform a full range of work at all exertional levels, with additional non-exertional limitations: he is limited to superficial interactions with the public, and occasional, brief interaction (not extended communication) with coworkers and supervisors. He can perform simple, complex, and detailed tasks. Plaintiff is limited to unskilled work and some semi-skilled work. (AR 20-23.) With that assessment, the ALJ found Plaintiff unable to perform his past relevant work. (AR 23.)

The ALJ proceeded to step five of the sequential evaluation, where the burden shifts to the Commissioner to demonstrate that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of a VE, the ALJ found Plaintiff capable of performing other jobs, such as lumber sorter, machine feeder, and hand packager. (AR 24.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in discounting the opinions of three examining psychologists and one treating nurse practitioner, and in assessing his RFC. The Commissioner argues the ALJ's decision is supported by substantial evidence and should be affirmed.

## Medical Opinion Evidence

Where not contradicted by another physician, a treating or examining physician's opinion may be rejected only for "'clear and convincing'" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining physician's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). A non-acceptable medical source's opinion may be discounted upon providing germane reasons. *See Turner v. Comm'r of Social Sec. Admin.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010).

A.  Margaret Dolan, Ph.D.; Phyllis Sanchez, Ph.D.; and Janice B. Edwards, Ph.D.

After the administrative hearing, the ALJ requested that Plaintiff be examined by a consultative psychologist.[3] Dr. Dolan examined Plaintiff in November 2013, and wrote a narrative opinion and also completed a form medical source statement. (AR 563-78.) Plaintiff had been previously examined by Drs. Sanchez and Edwards. (AR 393-99, 527-32.)

The ALJ briefly summarized these examining psychologists' opinions, and provided the same reasons to discount[4] them: the ALJ found the opinions to be inconsistent with Plaintiff's

---

[3] Plaintiff emphasizes that the ALJ requested a consultative examination, suggesting that there is a contradiction between the ALJ's request for the examination and the ALJ's ultimate discounting of the opinion. Dkt. 11 at 3. Plaintiff cites no authority requiring an ALJ to adopt a consultative examiner's opinion simply because it was ordered by an ALJ, and the Court is aware of no such authority.

[4] Plaintiff asserts that the ALJ gave "some" weight to the opinions of Drs. Sanchez and Edwards, and erred in failing to explain what portions of the opinions were credited. Dkt. 11 at 10-11. Plaintiff is

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 4

treatment history, his noncompliance with treatment, his mental status examination findings, his ability to cooperate with providers, and his independent daily activities and social functioning (as described elsewhere in the decision and in the prior ALJ decision). (AR 22.) The ALJ also concluded that the "evidence does not reveal any significant deterioration in [Plaintiff's] mental health since [the prior ALJ] decision." (*Id.*)

Plaintiff provides a number of challenges to the ALJ's assessment of the opinions of Drs. Dolan, Sanchez, and Edwards. First, Plaintiff argues that the ALJ failed to specifically address the opinions, because the ALJ "lump[ed them] into her blanket discussion of other opinions provided, as if these comprised a single assessment[.]" Dkt. 11 at 5. The ALJ did indeed address multiple opinions in the same paragraph, and on Reply Plaintiff admits that there is no authority forbidding such a practice. Dkt. 13 at 3.

Next, Plaintiff argues that the ALJ did not cite evidence showing that the opinions were inconsistent with his treatment history and noncompliance. Dkt. 11 at 5-6. More explanation for these findings can be found in the prior ALJ decision, as referenced in the current ALJ decision. (*See* AR 128-31 (discussing Plaintiff's treatment history and evidence of improvement with medication and sobriety, and Plaintiff's repeated noncompliance with medication and recommendations to decrease alcohol use).) Plaintiff does not specifically address the findings in the prior ALJ decision, despite the Commissioner's citation to that portion of the record. *See* Dkt. 12 at 5-6. The evidence showing that Plaintiff's symptoms improve with compliance with medication and sobriety undermines the opinions of Drs. Dolan, Sanchez, and Edwards, because Plaintiff was not compliant with treatment/medication nor had he abstained from using alcohol or marijuana during the time periods of the evaluations. The prior ALJ decision discusses this

---

mistaken: the ALJ gave "little weight" to all three opinions addressed in this section. (AR 22.)

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 5

issue at length, and the current ALJ decision incorporates it by reference.  (AR 22, 130-31.)

Furthermore, the marked and severe social limitations indicated by Drs. Dolan, Sanchez, and Edwards were inconsistent with some of the mental status examination findings, as well as the evidence related to Plaintiff's activities and social functioning, because Plaintiff has been able to appropriately interact with providers and engage in social activities independently. Plaintiff argues that his activities were more limited than admitted by the ALJ and that he should not be penalized for trying to lead a normal life, but the ALJ did not do so: the ALJ explained why she found that the record showed only moderate, instead of more severe, social limitations. (AR 22.)  Plaintiff has not shown that this explanation was inadequate or unsupported by substantial evidence.  Accordingly, Plaintiff has not shown error in the ALJ's assessment of the opinions of Drs. Dolan, Sanchez, and Edwards in the context of the entire record.

Plaintiff also challenges the ALJ's finding that his part-time work activity suggests that he would be capable of working more hours if they were available, arguing that this finding is merely speculative. Dkt. 11 at 8.  Plaintiff omits the crucial portion of the ALJ's finding, which is that Plaintiff's work was scheduled on an on-call basis.  The ALJ did not err in inferring that Plaintiff's ability to work on call suggests that he could work more if such work was needed: such an inference is reasonable. *See Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) ("In reaching his findings, the law judge is entitled to draw inferences logically flowing from the evidence.").

Lastly, Plaintiff fails to challenge the ALJ's specific rejection of the Global Assessment of Functioning (GAF) scores assessed by Drs. Dolan, Sanchez, and Edwards, and others.  (*See* AR 23.)  This unchallenged reasoning provides another basis for the ALJ's discounting the GAF scores contained within the opinions of Drs. Dolan, Sanchez, and Edwards.

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 6

Because the ALJ's decision, and the prior decision incorporated by reference, contain specific and legitimate reasons to discount the opinions of Drs. Dolan, Sanchez, and Edwards, the ALJ did not err in discounting those opinions.

B.       Mary Montgomery, ARNP

Plaintiff's treating nurse practitioner completed two form opinions and wrote one narrative letter describing his symptoms and limitations.  (AR 320-33, 558-62.)  The ALJ included Ms. Montgomery's opinions in the same section of the decision addressed above, *supra*.  (*See* AR 22.)  As explained there, the ALJ's reference to Plaintiff's treatment history, noncompliance with medications and sobriety recommendations, examination findings, and social activities are germane reasons to discount Ms. Montgomery's opinions that Plaintiff could not work due to his impairments.  And as noted above, although Plaintiff contends that the ALJ erred in assigning "some" weight to Ms. Montgomery's opinions but failing to explain which portions were credited, he is again mistaken: the ALJ gave "little" weight to Ms. Montgomery's opinions, and therefore did not purport to credit Ms. Montgomery's opinions.  (AR 22.)

### RFC

Plaintiff argues that the ALJ erred in assessing his RFC, because he should have been found to be more socially limited than indicated by the ALJ. Dkt. 11 at 13.  As support for this argument, Plaintiff relies primarily on the evidence discussed in the previous section, which was properly discounted for the reasons explained there, *supra*, as well as evidence discounted in the previous ALJ decision.  *See* Dkt. 11 at 13-18.  The previous ALJ's assessment of medical opinions is now administratively final, given that Plaintiff failed to seek judicial review of that decision.  A plaintiff cannot show error in an RFC assessment by relying on evidence properly discounted.  *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217-18 (9th Cir. 2005).

Plaintiff also argues that the State agency opinions indicate he is more limited than found by the ALJ, but the ALJ specifically explained why she departed from the State agency opinions in crafting the RFC assessment. (AR 22.)   Particularly in light of the gap in time between the State agency opinions (October 2012 and January 2013) and the ALJ's decision (June 2014), the ALJ was able to consider more treatment and opinion evidence than was available to the State agency consultants.  The ALJ explained why she found that the record was more consistent with moderate, rather than marked, social limitations, and Plaintiff's summary of the evidence does not prove that the ALJ's interpretation was unreasonable.  Accordingly, Plaintiff has failed to identify an error in the ALJ's RFC assessment.

## CONCLUSION

For the reasons set forth above, the Court recommends this matter should be AFFIRMED.

## DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14)** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will

/ / /

/ / /

/ / /

/ / /

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 8

be ready for consideration by the District Judge on **January 13, 2017**.

DATED this 28th day of December, 2016.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 9